IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-1220-D |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a wind and hail damage insurance coverage dispute, defendant State Farm Lloyds ("State Farm") moves for summary judgment. For the reasons that follow, the court grants the motion in part and denies it in part.

I

This lawsuit arises from plaintiff John Garcia's ("Garcia's") claim for insurance coverage following a June 9, 2019 storm[1] that he alleges caused significant wind and hail damage to his property ("Property").[2] The Property was insured under a policy ("Policy") issued by State Farm.

---

[1] Garcia alleged in his state court petition that the damage to his property was caused by an October 20, 2019 storm. In his first amended complaint ("amended complaint"), however, which is the live pleading in this case, Garcia alleges that his property was damaged by a June 9, 2019 storm. *See* Am. Compl. ¶ 11.

[2] The court recounts the evidence in the light most favorable to Garcia, as the summary judgment nonmovant, and draws all reasonable inferences in his favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

According to the Garcia's first amended complaint ("amended complaint"), he hired an independent public adjuster, Dallas Kaemmerling ("Kaemmerling") of LongHorn Public Adjusters, Inc. ("LongHorn"), to inspect the Property on May 19, 2020.   Based on Kaemmerling's inspection, he concluded that the Property had sustained actual damages (including wind and hail damage to the roof) in the amount of $68,155.47 replacement cost value.   LongHorn sent State Farm a proof of loss package that included Kaemmerling's estimate and photo report and a demand for $68,155.47.   On May 30, 2020 Garcia signed a proof of loss statement claiming a loss of $68,155.47 caused by hail/wind.

State Farm Claim Specialist Frederick Campbell ("Campbell") inspected the Property on June 16, 2020.   Campbell's inspection revealed some light hail marks on the downspout and minor tears in the screens.   But State Farm did not issue payment for these items because, in its view, the total covered loss was below Garcia's deductible after the applicable depreciation was applied.

On July 15, 2020 State Farm Claim Specialist Heath Hodge ("Hodge") performed a second inspection of the Property.   According to State Farm, Hodge's inspection confirmed Campbell's findings, i.e., that there was no hail or wind damage to any portion of the Property's roof.   Although he revised the estimate ("Revised Estimate") to include two additional tears to window screens, the total covered loss that Hodge found was still below Garcia's deductible,[3] so no payment was issued.

---

[3]State Farm's Revised Estimate totaled $2,573.66 for replacing the window screens and vinyl beads, gutters, and downspout; repairing drywall; and painting the affected interior

State Farm sent Garcia a partial denial letter on July 15, 2020.  On April 16, 2021 Garcia filed the instant lawsuit in state court, alleging claims for breach of contract, violation of various provisions of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, and common law fraud.  State Farm removed the case to this court.

On May 2, 2022 State Farm filed the instant motion for summary judgment, seeking dismissal of all of Garcia's claims.  Garcia responded to State Farm's motion on May 23, 2022, and, at the same time, sought leave to amend his complaint to remove his extra-contractual claims.  Garcia's motion was supported by an exhibit in which State Farm's counsel stated that State Farm would withdraw the part of its summary judgment motion addressed to Garcia's extra-contractual claims if he withdrew those claims.  The court granted Garcia's motion.  By "extra-contractual," Garcia apparently did not mean *all* claims other than those alleging breach of contract.  In his amended complaint, in addition to a claim for breach of contract, Garcia alleges that State Farm failed to comply with various provisions of the Texas Prompt Payment of Claims Act ("TPPCA"), Tex. Ins. Code Ann. § 542.051, *et seq* (West 2009).[4]  State Farm's summary judgment motion, which the court is

_____

areas.  After deducting $835.77 for depreciation, the estimate yielded an actual cash value below the applicable $3,078.00 deductible.

[4]On June 6, 2022—the date State Farm's summary judgment reply was due (had it opted to file one)—State Farm filed a motion for leave to file an amended motion for summary judgment.  State Farm contended that, because Garcia's amended complaint changed the date of loss from October 20, 2019 to June 9, 2019, State Farm needed additional time to obtain new affidavits and supplemental reports from its experts regarding

deciding on briefs, is now ripe for decision.[5]

II

State Farm moves for summary judgment on claims for which Garcia will bear the burden of proof at trial.

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little*, 37 F.3d

_____

the June 9, 2019 storm. Garcia did not respond to State Farm's motion, and on June 28, 2022, the court granted it, permitting State Farm to file an amended motion for summary judgment on or before July 18, 2022. State Farm did not file an amended motion for summary judgment, however, nor has it filed a reply to Garcia's May 23, 2022 response to State Farm's summary judgment motion. The deadline for doing so has passed, and State Farm's May 2, 2022 motion for summary judgment is now ripe for decision.

[5]*See supra* note 4.

at 1076.

### III

State Farm contends that it is entitled to summary judgment on Garcia's breach of contract claim because he has failed to establish that a storm damaged the Property on the reported date of loss ("RDOL"),[6] and, alternatively, he has not met his burden to segregate damages under the doctrine of concurrent causation.

### A

In support of its motion, State Farm contends that it engaged a professional engineer and a building envelope consultant to evaluate the extent and cause of the damage to the Property and that both concluded that Garcia's roof was not damaged by wind or hail; that Garcia has not produced credible evidence that wind or hail damaged his Property beyond what has already been accounted for in State Farm's Revised Estimate; that weather data confirm that there were no hailstorms on or around October 20, 2019 with hail that exceeded the industry-established threshold to damage concrete tiles and no tornadoes within seven miles of the Property on that date; and that both of its experts independently concluded that the damage to the Property's roof was caused by wear, tear, deterioration, or defective design, none of which is covered by the Policy.  Garcia responds that "[t]here continues to be a fact issue as to whether Defendant breached its contract (the Policy) with Plaintiff, as

---

[6]State Farm defines the RDOL in its motion for summary judgment as October 20, 2019 based on the allegations in Garcia's state court petition.  As noted above, *see supra* note 1, Garcia alleges in his amended complaint that the Property was damaged during a June 9, 2019 storm.

both the Public Adjuster and the Plaintiff's expert, Michael Ogden [("Ogden")], disagree with the Defendant concerning the causation, scope, and value of the Plaintiff's claim at issue herein." P. Br. 3.

B

"An insured cannot recover under an insurance policy unless it pleads and proves facts that show that its damages are covered by the policy." *Tchakarov v. Allstate Indem. Co.*, 2021 WL 4942193, at *5 (N.D. Tex. Oct. 22, 2021) (Fitzwater, J.) (citing *Emp'rs Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988)). It appears to be undisputed that the Policy covers wind and hail damage to the Property occurring within the Policy period, i.e., May 21, 2019 to May 21, 2020.

The court holds that Garcia has produced sufficient evidence to create a genuine issue of material fact on the question whether his insurance claim is covered under the Policy, i.e., whether a storm damaged the Property on the RDOL and the loss exceeded the deductible. He relies, *inter alia*, on the report of Ogden, his retained causation expert, who concluded after inspecting the Property that the replacement cost value was $70,032.32, and that "[t]he cause of loss is hail and wind damage." P. App. Ex. C (ECF No. 23-3) at 4.[7] Ogden also

---

[7]The court is citing the record in this manner because Garcia did not comply with N.D. Tex. Civ. R. 7.1(i)(1), which provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix," and 7.1(i)(4), which provides, in pertinent part, that "[e]ach page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as '1,' and succeeding pages must be numbered sequentially through the last page of the entire appendix (i.e., the numbering system must not

- 6 -

stated that he had "reviewed weather data from the area and [is] of the opinion that these damages are the result of a storm that occurred on or around June 9th, 2019." *Id.* at 5. This evidence is sufficient to create a genuine issue of material fact with respect to the question of coverage.[2]

C

The court now turns to State Farm's alternative argument, which is based on the doctrine of concurrent causation.

1

State Farm contends that, even if Garcia could present evidence of wind or hail damage during the Policy period, "[i]t is beyond question that there is evidence of wear and deterioration," D. Br. 14, and Garcia has failed to meet his burden to segregate covered loss from non-covered loss. Garcia does not directly respond to State Farm's concurrent causation argument, although he does argue that fact questions exist "concerning the causation, scope, and value" of his claim. P. Br. 3.

---

re-start with each succeeding document in the appendix)." Garcia filed a series of exhibits organized by tabs, not an appendix. And the pages within each tab are not numbered as Rule 7.1(i)(4) requires. Most important, his brief does not cite the particular page in the appendix where the cited material can be found, leaving the court to cite the record in the (improper) manner indicated.

[2]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

2

Although an insured who suffers damage from both covered and excluded perils is not precluded from recovering, "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured—here, Garcia—carries the burden of proof. *See Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999, pet. denied). "It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). "[F]ailure to segregate covered and noncovered perils is fatal to recovery." *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App. 2003, pet. denied); *see also Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 227 (Tex. App. 2015, no pet.) (holding there was no reasonable basis for estimating amount of damage caused by risk covered by the insurance policy).

Garcia does not necessarily dispute State Farm's evidence that the roof of his Property exhibited signs of wear, tear, deterioration "and other non-covered losses such as design defects, foot traffic and [the like]." D. Br. 14. Instead, his position appears to be that the *loss that is the subject of his insurance claim* was caused solely (i.e., 100%) by the wind and hail

produced during the June 9, 2019 storm.

In *Overstreet v. Allstate Vehicle & Property Insurance Co.*, 34 F.4th 496 (5th Cir. 2022), the Fifth Circuit certified the following questions to the Supreme Court of Texas:

> 1. Whether the concurrent cause doctrine applies where there is any non-covered damage, including "wear and tear" to an insured property, but such damage does not directly cause the particular loss eventually experienced by plaintiffs;
> 2. If so, whether plaintiffs alleging that their loss was entirely caused by a single, covered peril bear the burden of attributing losses between that peril and other, non-covered or excluded perils that plaintiffs contend did not cause the particular loss; and
> 3. If so, whether plaintiffs can meet that burden with evidence indicating that the covered peril caused the entirety of the loss (that is, by implicitly attributing one hundred percent of the loss to that peril).

*Id.* at 499. The *Overstreet* panel noted:

> We are . . . unsure whether the doctrine [of concurrent causation] applies if, examining the record in the light most favorable to the plaintiff, the covered peril caused the entire loss. Similarly, we are unsure whether, even assuming a plaintiff must attribute losses in this situation, attributing 100% of the damage to a covered peril satisfies an insured's burden.

*Id*. These two issues appear to be squarely before this court in the instant case: examining the record in the light most favorable to Garcia, there is evidence that the June 9, 2019 storm caused the entire loss (i.e., 100% of the loss).

The court therefore denies State Farm's motion for summary judgment on Garcia's breach of contract claim without prejudice to reconsidering it after the Supreme Court of Texas decides the certified questions. The parties are directed to file a status report within

14 days after the Supreme Court files its decision.

IV

The court next considers State Farm's motion for summary judgment on Garcia's TPPCA claim.

A

Garcia alleges that State Farm violated Tex. Ins. Code Ann §§ 542.055(a)[3] and 542.056.[4] State Farm moves for summary judgment, contending that Garcia cannot establish

---

[3]Tex. Ins. Code Ann. § 542.055(a) provides:

> (a) Not later than the 15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall:
>> (1) acknowledge receipt of the claim;
>> (2) commence any investigation of the claim; and
>> (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.

[4]Tex. Ins. Code Ann. § 542.056 provides, in pertinent part:

> (a) Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. . . .
> (c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection.
> (d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.

that there has been any unreasonable delay because State Farm has "satisfied each and every statutory deadline." D. Br. 23. State Farm maintains that it received Garcia's claim on May 27, 2020; it acknowledged the claim and had the "Quality First Contact" with LongHorn; it inspected the Property on June 16, 2020, the date dictated by Garcia and LongHorn; Garcia delayed in allowing State Farm to inspect the interior of the Property until July 15, 2020; and it sent Garcia a partial denial letter along with its estimate on July 15, 2020. Garcia has not responded to this ground of State Farm's motion.

Although Garcia's failure to respond to this ground of State Farm's motion does not permit the court to enter a "default" summary judgment on Garcia's TPPCA claim, *see, e.g.*, *Tutton v. Garland Independant School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3). Because Garcia has not responded to this ground of State Farm's motion for summary judgment with specific evidence to support his claim under Tex. Ins. Code Ann. § 542.055(a) or § 542.056, the court grants State Farm's motion for summary

judgment on Garcia's TPPCA claim to the extent based on an alleged violation of § 542.055(a) or § 542.056.

B

Garcia also alleges that State Farm violated Tex. Ins. Code Ann. § 542.058, which provides that an insurer is liable to an insured and must pay damages "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days." Tex. Ins. Code Ann. § 542.058(a). If the insurer fails to pay the claim within 60 days, § 542.060 provides that the insurer shall pay the claimant, in addition to the amount of the claim, "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code Ann. § 542.060(a).

State Farm maintains that it is entitled to summary judgment that it is not liable under the TPPCA because "there has been no unreasonable delay in Plaintiff's Claim," State Farm has "satisfied each and every statutory deadline," and, therefore, there can be no evidence of liability for Garcia's insurance claim or for "interest or attorney's fees to be recoverable under the statute." D. Br. 22-23. Garcia responds that the TPPCA is a strict liability statute and that "[i]n order for Plaintiff's [TPPCA] claim to be properly decided, a trial must occur in this matter, as a Defendant is only liable for Prompt Payment penalties if it is liable for

- 12 -

breach of contract." P. Br. 4.[5]

The court has held above that State Farm is not entitled to summary judgment dismissing Garcia's breach of contract claim. This means that Garcia's TPPCA claim based on §§ 542.058 and 542.060 likewise survives summary judgment. This is so because there is a genuine issue of material fact regarding the amount of the claim: that is, the amount that State Farm must pay. if any, is yet to be determined. *See Casey v. State Farm Lloyds*, 2022 WL 3702024, at *7 (N.D. Tex. Aug. 26, 2022) (Lindsay, J.) (denying motion for summary judgment on claims under Tex. Ins. Code Ann. §§ 542.058 and 542.060 where genuine issue of material fact existed regarding amount insurer was obligated to pay on insured's claim); *Patton v. Meridian Sec. Ins. Co.*, 2022 WL 2992878, at *18 (N.D. Tex. July 28, 2022) (Fish, J.) (denying insurer's motion for summary judgment on plaintiff's claim that insurer violated §§ 542.058 and 542.060 of the Texas Insurance Code because "[i]t is possible that the jury will find that [the insurer] breached the insurance contract by failing to pay more than what it has already paid."). The court therefore denies State Farm's motion for summary judgment with respect to Garcia's TPPCA claim based on alleged violations of §§ 542.058 and 542.060

_____

[5]Garcia also notes in his summary judgment response that

> given the fact that there is a disagreement between the Plaintiff's representatives (Public Adjuster and Expert) and Defendant as to the causation, scope, and value of Plaintiff's claim, in his First Amended Complaint, Plaintiff has now repled his claim for violation of Tex. Ins. Code § 542.003(b)(5).

P. Br. 4. State Farm, however, has not moved for summary judgment with respect to Garcia's claim under § 542.003(b)(5), which is pleaded in Garcia's amended complaint.

- 13 -

of the Texas Insurance Code.

*   *   *

Accordingly, for the reasons explained, the court grants in part and denies in part State

Farm's motion for summary judgment.

**SO ORDERED**.

September 19, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE